IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NANCY LEE DUQUETTE; CHARLES T.
CUNNINGHAM; and DEBORAH A.
CUNNINGHAM                                                                                              PLAINTIFFS

v.                                         Case No. 3:13-CV-03067

PAC-PERL, LLC; DAVID E. SIMMONS;
and DOES 1-10                                                                                          DEFENDANTS

**OPINION AND ORDER**

On August 1, 2013, the Court entered an initial scheduling order (Doc. 6) directing the parties to hold a Rule 26(f) conference by September 25, 2013 and to file a Rule 26(f) report by October 10, 2013. On January 23, 2014, the Court issued an order to show cause (Doc. 8), giving Plaintiffs until Friday, February 7, 2014 to show cause as to why this action should not be dismissed based on Plaintiffs' failure to obey an order of the Court and failure to prosecute this action. On January 29, 2014, the Court received notice that the order to show cause had been returned as undeliverable when sent to the addresses of record for Plaintiffs Charles T. Cunningham and Deborah A. Cunningham. On February 7, 2014, Plaintiff Nancy Lee Duquette filed a "Motion for Sanctions, Entry of Default Judgment and Dismissal for Failure to Comply with Court Order and for Attorney's Fees." (Doc. 9).

Duquette's filing states that she has made "numerous attempts" to confer with Defendant Pac-Perl, LLC's ("Pac") attorney in an effort to comply with the Court's initial scheduling order but that Pac's attorney has refused to cooperate. In response to Duquette's motion, Pac filed a motion to strike the filing. (Doc. 10). Pac argues that Duquette is not actually a plaintiff in this case, but

-1-

is instead engaging in the unauthorized practice of law on behalf of the actual plaintiffs, the Cunninghams. Duquette is, however, listed as a plaintiff in this action, and her filing was purportedly made on behalf of "Plaintiff, Nancy Lee Duquette." No mention was made in the motion that Duquette was in fact acting on behalf of the Cunninghams. Pac's motion to strike will be denied.

Duquette's motion does not set forth any reasoning as to what sanctions should be imposed in this case or any detailed explanation of why. Entry of default judgment is otherwise inappropriate as Pac has filed an answer. Further, no attorney's fees can be awarded even if the Court were to find that they should be—which it does not—because Duquette does not have an attorney and instead is proceeding pro se. Duquette's motion for sanctions, default judgment, dismissal, and attorney's fees will therefore be denied.

Plaintiffs Charles and Deborah Cunningham have failed to respond to the Court's order to show cause and have not kept their address updated with the Court as required by Local Rule 5.5.(c)(2). The claims of Charles and Deborah Cunningham will therefore be dismissed with prejudice for failure to obey an order of the Court and failure to prosecute this action.

For the reasons set forth above IT IS ORDERED that Defendant's motion to strike (Doc. 10) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Duquette's motion for sanctions, default judgment, dismissal, and attorney's fees (Doc. 9) is DENIED.

IT IS FURTHER ORDERED that the claims of Charles and Deborah Cunningham are DISMISSED WITH PREJUDICE for failure to obey an order of the Court and failure to prosecute. Fed. R. Civ. P. 41(b).

IT IS FURTHER ORDERED that Duquette is directed to file an amended complaint **concisely** setting forth her claims—and not any claims of the Cunninghams—against Pac by Friday, April 11, 2014. The amended complaint is limited to 30 pages. The amended complaint should also contain clear and concise allegations regarding the basis for this Court to exercise jurisdiction over any claims that Duquette asserts. If Duquette continues to assert federal question jurisdiction, Duquette must cite not only to the applicable statute or other basis in federal law, but should also allege how that federal law controls the issues of this case. Failure to timely and properly comply with this order **will result in dismissal of this action with prejudice for failure to obey an order of the Court and failure to prosecute**.

The Court notes that the civil cover sheet filed by Plaintiffs (Doc. 2) indicates that the only intended Defendant in this case is Pac-Perl, LLC and no service has been made as to any other Defendant. If Duquette wishes to bring claims against either David E. Simmons or Does 1-10, that should be clearly indicate in the amended complaint. If not so indicated, those Defendants will be dismissed as parties to this case.

IT IS SO ORDERED this 20th day of March, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE