IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

Nancy Lee DuQuette, Plaintiff's

vs.   Case No: 3:13-CV-03067

Pac-Perl, LLC; David E. Simmons;
and Thomas Burns
_____/

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER

Comes Now, Plaintiff, Nancy Lee DuQuette and unto this Honorable Office respectfully moves for the reconsideration of the Opinion and Order dated 10/07/2014, attached hereto as **Exhibit "A"** and in support thereof, respectfully states:

1. Plaintiff has filed several pro se meritorious Motions, Responses to Motions, and objects to this Court, all of which are either ignored, denied or both. Nevertheless, nothing Pro Se Plaintiff has filed, has ever been ruled favorably. Plaintiff has been diligent throughout the discovery time period. Plaintiff is only trying to obtain all documents presented in this matter to be authenticated in order to be admissible. Authenticating a document is the process of proving that the document was actually created by or received by someone in a transaction, which Plaintiff believes Defendant could not possibly have in their possession.

2. On October 7, 2014, the Honorable Judge P.K. Holmes, III, forwarded to the parties his Opinion and Order regarding Plaintiff's Motion to Compel **(Doc. 21)**, (see attached Exhibit "B"), in which Plaintiff asks this Honorable Court to compel Defendants to produce or provide certain documents, sign an affidavit, answer her request for admissions, and responded to her Amended Complaint.

1

3. Defendants filed an **untimely** response (and without penalty and without exhibits), **(Doc. 38)**, (see attached **Exhibit "C"**), in which they simply denied Plaintiff's allegations of non-compliance and stated that they had sent to Plaintiff the information she had requested. There were no attached exhibits or other verification that responses were sent. This court didn't receive any exhibits, because Defendant never sent any. If Defendant's **signature** is proof that exhibits were attached, then Plaintiff's **signature** should be proof to this court, that Plaintiff has never received any such discovery since the initial filing in Baxter County, Arkansas from either attorney, David Simmons nor Thomas Burns. Plaintiff has never committed any fraud upon this court and never will, she is only asking for discovery to proceed with this case. Plaintiff is not an attorney, however, she expected that discovery end dates are to be enforced and that time lines established under the Rules should be followed, especially by attorneys who are licensed in the State of Arkansas to practice law and who should know the difference.

4. On or about August 4, 2014, Defendant, Thomas Burns, filed with the Court the Federal Rule of Civil Procedure 26(f) Report, stating that on or before August 5, 2014, all disclosed had been made. However, Defendant, Thomas Burns has lied upon this Court, as he has never forwarded to Plaintiff any discovery whatsoever, see attached **Exhibit "C-1**).

5. The Honorable P.K. Holmes, III, believed that under the Federal Rules of Federal Procedure 11, Burns attests to the truth of his statements by his "signature" on the filing and the Court accepted, for the purposes of the motion, that Burns has properly complied with Plaintiff's discovery requests. However, Plaintiff believes that a fraud upon this court was practiced on the court by Thomas Burns, ( "fraud on the court" refers to misconduct by a party and/or his attorney that is so serious that it undermines the integrity of the legal proceedings). Knowing that Burns failed to provide exhibits, to the court, why didn't Burns just e-file them with a Notice of Filing. Defendant has that privilege without expense, unlike Plaintiff. "Reconsideration should be utilized only for those cases which fall

2

into that narrow corridor in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.... Alternatively, if a litigant wishes to bring new or additional information to the Court's attention which it could not have provided on the first application, the Court should, in the interest of justice (and in the exercise of sound discretion), consider the evidence." Cummings v. Bahr, 295 N.J. Super. 374, 401- 402 (App. Div. 1996). If it wasn't in the wasn't in the papers to begin with, but could have been provided, reconsideration will not be granted.  Thomas Burns could have provided the exhibits, (if there were any).

     5. Federal Rules of Civil Procedure Rule 37

          (4) Evasive or Incomplete Disclosure, Answer, or Response.  For the purpose of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as failure to disclose, answer or respond.

          (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

              (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

              (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

              (iii) striking pleadings in whole or in part;

              (iv) staying further proceedings until the order is obeyed;

              (v) dismissing the action or proceeding in whole or in part;

       (vi) rendering a default judgment against the disobedient party; or

       (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

6. Plaintiff's second Motion to Compel (Doc. 22), (see attached **Exhibit "D")**, in which she requested substantially the same information in her first motion to compel and again Plaintiff is telling this Court that she has not received requested "DISCOVERY" from Defendants, thus why would Plaintiff file a second Motion to Compel if she had received all requested discovery. A response may not be necessary in this court, however, when an attorney signs his signature on a document, the court apparently believes he/she to be telling the "TRUTH", which Thomas Burns lied to this court.

7. Plaintiff filed a Motion for Default against Pac-Perl (Doc.32) and Thomas Burns (Doc. 34), see attached **Exhibit "E"**, whereby Defendants say they were not properly served with Amended Complaint. However, when speaking with Cindy Moore of Everett O. Martindale, 902 West Second Street, Little Rock, AR 72201, 501-372-7600, she stated that she probably did accept service on behalf of Thomas Burns because she still receives faxes, mail and certified mail as of today's date, October 21, 2014 and Thomas Burns either picks his mail up from the previous address or she will forward all mail to his P.O. Box 1045 in Bryant, AR. Thomas Burns apparently failed to forward his address from 902 West Second Street, Little Rock, AR 72201 to his new "post office box", as apparently, he has no physical address to conduct legal business. Plaintiff believes that Thomas Burns has received the Amended Complaint. Plaintiff paid for restricted delivery on the Amended Complaint with USPS Certified 70110470000219330851.

8. Plaintiff has filed a complaint with the United States Post Office, USPS Tracking Case No. CA119931356, as such certified delivery was paid as a "restricted" delivery and in all actuality, said

4

Amended Complaint should have been returned to Plaintiff for new address.

9. As per Ark.R.Civ.P 4(d)(8)(A), Plaintiff did attach a copy of such postal document by USPS.com, with the tracking number and date of delivery, stating that it had been delivered and also stated that on April 28, 2014, it stated "Moved, Left No Address", attached with (Doc. 19), (see attached Exhibit "F").

10. Plaintiff is attempting to obtain issues that need to be proven at trial, that the parties lack standing to pursue a foreclosure action, as there are many defects in the chain of assignments of the mortgage and note. However, without discovery and cooperation from the Defendants, it has been very difficult. The purpose of Requests for Admission is to expedite the trial by establishing certain material facts as true, thus reducing the number of issues for trial." Guinan v. A.I. duPont Hosp. For Children, No. 08-228, 2008 WL 938874 at *1 (E.D. Pa. Apr. 7,2 2008) (citations omitted). The Rule provides that "[a] party may serve upon any other party a written request to admit, for purpose of the pending action only, the truth of the matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). My opinion is that this Court has held that Requests for Admissions "are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." First Options of Chicago, Inc. v. Wallenstein, No. 92-5770, 1996 WL 729816, at *3 (E.D. Pa. Dec. 17, 1996) (citations omitted).

11. Nancy Lee DuQuette is the Plaintiff in this USDC action, however, in the original filing in Baxter County, Arkansas, Pac-Perl, LLC vs. Charles T. Cunningham, Deborah A. Cunningham and CR 396 Trust, Pac-Perl, LLC, was the Plaintiff, therefore: "Where a defendant raises the issue of standing, the plaintiff must prove its standing to be entitled to relief." (U.S. Bank, N.A. v Dellarmo, 94 AD3d 746, 748 [2d Dept 2012]; U.S. Bank, N.A. v Sharif, 89 AD3d 723, 724 [2d Dept 2011];Bank of New York v Silverberg,

5

86 AD3d 274, 279 [2d Dept 2011]; <u>U.S. Bank, N.A. v Collymore, 68 AD3d 752</u>, 753 [2d Dept 2009].) "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underling note at the time the action is commenced." (*Denaro*, 98 AD3d at 964; *Dellarmo*, 94 AD3d at 748; *Bank of New York*, 86 AD3d at 279; <u>*Countrywide Homes Loans, Inc. v Gress*, 68 AD3d 709</u>, 709—10 [2d Dept 2009]; *Collymore*, 68 AD3d at 753; <u>*Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204</u>, 207 [2d Dept 2009]; *Fed. Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546, 546—47 [2d Dept 2003].) In essence, for a plaintiff to commence a foreclosure action, "the plaintiff must have legal or equitable interest in the subject mortgage." (<u>*GRP Loan, LLC v Taylor*, 95 AD3d 1172</u>, 1173 [2d Dept 2012]; *Countrywide Homes Loans, Inc.*, 68 AD3d at 709; *Marchione*, 69 AD3d at 207.) Thus, " foreclosure of a mortgage may not be brought by one who has no title to it'." (*Sharif*, 89 AD3d at 724, quoting *Kluge v Fugazy*, 145 AD2d 537, 538 [1988]; *see also Marchione*, 69 AD3d at 207.)

12. That Pac-Perl, LLC and Thomas Burns have failed to cooperate on completing discovery within the initial time period.

13. Rule 36. Request for Admission:

    (a) SCOPE AND PROCEDURE.

(1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of <u>Rule 26(b)(1)</u> relating to:

    (A) facts, the application of law to fact, or opinions about either; and

    (B) **<u>the genuineness of any described documents</u>**.

(2) Form; Copy of a Document. Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.

(3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

(4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

(5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

(b) EFFECT OF AN ADMISSION; WITHDRAWING OR AMENDING IT. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

NOTES

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Mar. 30, 1970, eff. July 1, 1970; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

NOTES OF ADVISORY COMMITTEE ON RULES—1937

Compare similar rules: [Former] Equity Rule 58 (last paragraph, which provides for the **admission of the execution and genuineness of documents**); English Rules Under the Judicature Act (The Annual Practice, 1937) O. 32; Ill.Rev.Stat. (1937) ch. 110, §182 and Rule 18 (Ill.Rev.Stat. (1937) ch. 110, §259.18); 2 Mass.Gen.Laws (Ter.Ed., 1932) ch. 231, §69; Mich.Court Rules Ann. (Searl, 1933) Rule 42; N.J.Comp.Stat. (2 Cum.Supp. 1911–1924) N.Y.C.P.A. (1937) §§322, 323; Wis.Stat. (1935) §327.22.

NOTES OF ADVISORY COMMITTEE ON RULES—1946 AMENDMENT

The first change in the first sentence of Rule 36(a) and the addition of the new second sentence, specifying when requests for admissions may be served, bring Rule 36 in line with amended Rules 26(a) and 33. There is no reason why these rules should not be treated alike. Other provisions of Rule 36(a) give the party whose admissions are requested adequate protection.

The second change in the first sentence of the rule [subdivision (a)] removes any uncertainty as to whether a party can be called upon to admit matters of fact other than those set forth in relevant documents described in and exhibited with the request. In Smyth v. Kaufman (C.C.A.2d, 1940) 114 F.(2d) 40, it was held that the word "therein", now stricken from the rule [said subdivision] referred to the request and that a matter of fact not related to any document could be presented to the other party for admission or denial. The rule of this case is now clearly stated.

The substitution of the word "served" for "delivered" in the third sentence of the amended rule [said subdivision] is in conformance with the use of the word "serve" elsewhere in the rule and generally throughout the rules. See also Notes to Rules 13(a) and 33 herein. The substitution [in said subdivision] of "shorter or longer" for "further" will enable a court to designate a lesser period than 10 days for answer. This conforms with a similar provision already contained in Rule 33.

The addition of clause (2) [in said subdivision] specifies the method by which a party may challenge the propriety of a request to admit. There has been considerable difference of judicial opinion as to the correct method, if any, available to secure relief from an allegedly improper request. See Commentary, Methods of Objecting to Notice to Admit (1942) 5 Fed.Rules Serv. 835; International Carbonic Engineering Co. v. Natural Carbonic Products, Inc. (S.D.Cal. 1944) 57 F.Supp. 248. The changes in clause (1) are merely of a clarifying and conforming nature.

The first of the added last two sentences [in said subdivision] prevents an objection to a part of a request from holding up the answer, if any, to the remainder. See similar proposed change in Rule 33.

The last sentence strengthens the rule by making the denial accurately reflect the party's position. It is taken, with necessary changes, from Rule 8(b).

WHEREFORE, based upon the foregoing, the Plaintiff respectfully request this Court grant its Motion for Reconsideration, enter an Order for Defendants to:

a. Answer Plaintiff's Request For Admission;

b. Order compelling Defendant's to produce or provide certain documents requested in Plaintiff's Request for Production of Documents;

c. Enter the Default against Pac-Perl, LLC and Thomas Burns for failing to answer the Amended Complaint;

d. Enter an Order compelling Defendants to produce all of the mandatory disclosures stated in Defendant's Rule 26(f) Report, and

e. any other relief the Court deems just and proper.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy has been furnished by U.S. Mail and via e-mail to: tburnslaw@att.net and Pac-Perl, LLC and Thomas Burns, P.O. Box 1045, Bryant, AR 70289 and on this 22nd day of October, 2014.

_Nancy Lee DuQuette_
Nancy Lee DuQuette
2333 Asher Road
Salem, AR 72576
870-955-0215
nduquette3@yahoo.com

2333 Ashley Rd

Salem, AR 7257_





US POSTAGE AND FEES PAID
OCT 22 2014    Mailed from ZIP 72653
2 lbs Priority Mail Rate Zone 1
Commercial Plus Price



endicia.com    071V00802932

**PRIORITY MAIL 2-DAY™**

C005  0005

PostNet
Mailed For: Nancy DuQuette
40 Plaza way # 8
Mountain Home AR 72653

**SHIP TO:** US District Court
35 E Mountain St Ste 5
**Fayetteville, AR 72701-5315**

**USPS TRACKING #**



9405 5102 0082 9362 1339 99

 UNITED STATES POSTAL SERVICE     endicia