IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NANCY LEE DUQUETTE                                                                    PLAINTIFF

v.                                  Case No. 3:13-CV-03067

PAC-PERL, LLC; DAVID E. SIMMONS;
and THOMAS BURNS                                                                   DEFENDANTS

**OPINION AND ORDER**

Currently before the Court is Plaintiff Duquette's motion for reconsideration (Doc. 64). For the reasons set forth below, Duquette's motion for reconsideration is DENIED.

**I.     Discussion**

Duquette does not provide the procedural basis for her motion for reconsideration. While motions to reconsider are not contemplated in the Federal Rules of Civil Procedure, "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (citing *Spinar v. South Dakota Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986). As the instant motion is directed at the Court's denial of a series of non-final orders, the Court construes Duquette's motion for reconsideration as a Rule 60(b) motion. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citing *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003).

Under Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted

only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). "[Rule 60(b)] is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Duquette's motion has not only failed to show any of the exceptional circumstances that would warrant the extraordinary relief provided by Rule 60(b), but has merely rehashed her prior arguments on the merits and expressed frustration with the progress of her case. Accordingly, the Court finds that Duquette's motion should be DENIED.

In its October 7, 2014 order (Doc. 61), while denying Duquette's series of motions, the Court also noted that there was "insufficient evidence to show that Duquette has validly effected service on Pac-Perl and Burns, nor evidence that attempted service was refused . . . ." The Court imposed a new deadline of November 10, 2014 by which Duquette was to file proof of proper service of her amended complaint on Defendants. The Court further noted that Duquette had attempted to serve Defendants via certified mail pursuant to Arkansas Rule of Civil Procedure 4(d)(8)(A), as called for by Local Rule 4.1. According to the Arkansas Supreme Court, proof of proper service in this respect must be in the form of "a return receipt *signed by the addressee* or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee *reciting* or *showing refusal* of the process by the addressee." *Meeks v. Stevens*, 785 S.W.2d 18, 20 (Ark. 1990) (stating that "[i]t has long been established that when no sufficient service has been had, the court does not acquire jurisdiction of the person of the defendant").

First, the Court notes that Pac-Perl, in filing its answer (Doc. 5) to the original complaint in this matter, has already entered a voluntary appearance. In addition, Pac-Perl did not challenge service of process in its original answer. Therefore, Pac-Perl has waived challenging service of process and need only be served a copy of the amended complaint pursuant to Federal Rule of Civil

Procedure 5. Rule 5 allows for Duquette to simply mail a copy of the amended complaint to Pac-Perl's attorney of record, Burns, in order to sufficiently serve Pac-Perl with the amended complaint. However, Burns himself was added as a defendant in the amended complaint and has properly asserted the defense of insufficient service of process. As such, he must be properly served in order for this Court to have jurisdiction to render a personal judgment against him. *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982).

Again, it appears that Duquette has only attempted to serve both Defendants via certified mail delivered to Burns. Because Burns is actually the attorney of record for Pac-Perl, Duquette's mailing of the amended complaint to Burns's last known address is sufficient to serve Pac-Perl with the amended complaint. Fed. R. Civ. P. 5(b)(2)(C). This mailing, however, is not sufficient to effect service as to Burns, as Burns must be served pursuant to the more stringent requirements of Local Rule 4.1 and Arkansas Rule of Civil Procedure 4(d)(8)(A) noted above if Duquette seeks to properly serve him via certified mail. According to those rules, there is no evidence on the record to show that such service was validly effected, or that service was refused. There is evidence on the record (Doc. 27) showing certified mail with restricted delivery purportedly being delivered to Thomas Burns; however, there is no evidence of a signed return receipt or any document showing refusal of service. If Duquette is able to obtain the return receipt—typically available for a minimal additional charge on the mail carrier's website—and it bears the signature of Defendant Burns, then service will have been validly effected on Burns. The other issues Duquette notes in her instant motion—i.e., a possible incorrect mailing address for Burns, problems with the United States Postal Service, and her belief that Burns has indeed received the amended complaint—do not suffice to overcome the formal requirements for service of process. If Duquette seeks to continue trying to serve Burns by

certified mail, she must meet the requirements under the local rules of this court and Arkansas law as outlined above.

In light of Duquette's difficulties with serving Burns via certified mail, the Court notes that Duquette may also choose to serve Burns pursuant to Federal Rule of Civil Procedure 4(e), which allows for serving an individual personally, or by leaving a copy of the summons and complaint at the individual's dwelling or place of abode with someone of suitable age or discretion who also resides there.

Although Duquette has failed to properly effect service on Burns to this point, the Court notes that she is proceeding pro se and has attempted to comply with the Court's orders.  For those reasons, the Court finds good cause to allow Duquette to properly serve Burns by **Friday, January 8, 2015**.  In effecting service, Duquette must meet at least one of the requirements for proper proof of service noted above.  If service is still not properly effected, with proof filed on the record, by the date above, Duquette's claims against Burns **may be dismissed for failure to obey an order of the Court, for failure to prosecute this action, and/or failure to timely serve Defendants**.

## II. Conclusion

For the reasons set forth above IT IS ORDERED that Plaintiff's motion for reconsideration (Doc. 64) is DENIED.

Duquette is directed to file proof of service as to Burns on the record by **Friday, January 8, 2015**.

IT IS SO ORDERED this 8th day of December, 2014.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE